In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 21-2256

BRANDI CAMPBELL,

*Plaintiff-Appellee,*

*v.*

KEAGLE INC. and EDWARD SALFELDER, JR.,

*Defendants-Appellants.*

———————————

Appeal from the United States District Court
for the Central District of Illinois.
No. 20-CV-2271 — **Colin S. Bruce**, *Judge.*

———————————

ARGUED JANUARY 7, 2022 — DECIDED MARCH 4, 2022

———————————

Before EASTERBROOK, ST. EVE, and KIRSCH, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. When she started to work at the Silver Bullet Bar in Urbana, Illinois, Brandi Campbell signed a contract with Keagle Inc., the bar's owner. Section 8 provides that "[a]ny controversy, dispute or claim arising out of" her work will be arbitrated. Such a dispute has arisen, but Campbell filed a suit rather than a demand for arbitration. The district judge denied Keagle's motion to refer the matter

to arbitration, 2021 U.S. Dist. Lexis 245472 (C.D. Ill. June 28, 2021), and Keagle appealed under 9 U.S.C. §16(a).

The district judge deemed several parts of the arbitration clause unenforceable because they are unconscionable as a matter of Illinois law. Unconscionability is a defense to arbitration, if it is among "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. In other words, arbitration is permissible to the extent, and only to the extent, that state law would enforce other equivalent agreements. The district judge thought that Illinois would not enforce this agreement because some provisions in the arbitration clause are too favorable to Keagle.

Section 8 of the contract provides that any dispute

> shall be exclusively decided by binding arbitration under the Federal Arbitration Act. The owners of the Silver Bullet Bar reserve the right to choose the arbitrator and location of any such proceedings. I agree that all claims between me and the Silver Bullet Bar, its owners, or management will not be litigated individually and that I will not consolidate or file a class suit for any claim against the Silver Bullet Bar, its owners, or management. I will pay the cost of my arbitration and legal costs, regardless of the outcome of any such action.

The district judge saw multiple lopsided aspects of this clause. Keagle gets to choose the arbitrator and the location of the arbitration; Campbell must bear all costs even if Keagle loses on the merits and some state or federal statute requires losers to foot the bill. The district judge added that the agreement's silence about arbitral procedures might enable Keagle's chosen arbitrator to use biased modes of decision (though 9 U.S.C. §10 says otherwise). The judge recognized that arbitration is not itself unconscionable, but he refused to

order arbitration once details such as selection and location had been stripped from the clause.

The district court relied on *Razor v. Hyundai Motor America*, 222 Ill. 2d 75 (2006), which is among many decisions holding that a one-sided contract is unconscionable. The judge did not find that the contract between Campbell and Keagle is one-sided; instead he assumed that a rule applicable to a contract as a whole must be true about each aspect of each clause in it. That's far from clear to us. Consider a contract with four clauses. Clause 1 requires Seller to deliver 100 merchantable widgets to Buyer. Clause 2 requires Buyer to pay $1 million to Seller. Clause 3 provides that any dispute about the widgets' merchantability will be resolved by an expert, chosen by Buyer from a trade association's list. Clause 4 provides that Buyer has only 30 days to contest the widgets' merchantability, even though state law otherwise allows two years. Each of these four clauses is one-sided, if considered in isolation; Clauses 1 and 3 favor Buyer, while Clauses 2 and 4 favor Seller. Yet no one would contend that the contract as a whole is unconscionable (if widgets are worth roughly $10,000 apiece) or that any of the clauses is unenforceable.

Keagle does not pursue this line of reasoning, however. It accepts the district court's holding that provisions for selecting an arbitrator, specifying venue, and paying costs are unenforceable. It maintains that its only goal is to arbitrate rather than litigate—that the details don't matter, so the judge may fill in the blanks. This is its sole argument on appeal.

Section 4 of the Federal Arbitration Act, 9 U.S.C. §4, fills in one blank. It provides that, in the absence of a contrary agreement, the arbitration takes place in the same judicial district as the litigation—here, the Central District of Illinois. And the

district judge himself stressed that "who pays" may be determined by some other state or federal statute, such as the Fair Labor Standards Act, on which Campbell's suit rests. See 29 U.S.C. §216(b) (prevailing plaintiffs recover costs and legal fees). That leaves only the choice of arbitrator—who, once selected, can prescribe the procedures if they are not otherwise determined. For example, if the arbitrator were chosen from a list maintained by the American Arbitration Association, the AAA's procedures would be used automatically.

According to §5, 9 U.S.C. §5, "if for any … reason there shall be a lapse in the naming of an arbitrator … then upon the application of either party to the controversy the court shall designate and appoint an arbitrator". The use of "shall" means that this is a judicial duty; a court cannot scuttle arbitration by declining to name an arbitrator. See, e.g., *Green v. U.S. Cash Advance, LLC*, 724 F.3d 787 (7th Cir. 2013).

If the parties have made clear that they want to arbitrate only under prescribed conditions, which cannot be fulfilled, then litigation is the only remaining option. But this contract does not imply that Campbell agreed to arbitration only because Keagle would choose the arbitrator. Keagle has that option—or had it, until the district judge said no—but people may waive contractual entitlements. Keagle has done so by accepting this aspect of the district court's decision. As in *Green*, the mutual assent to arbitration remains, and a federal judge should implement the parties' decision whenever possible. That can be done by naming an arbitrator under §5, and everything else will take its own course.

Campbell protests that this uses §5 to rewrite an arbitration clause. It would be better to say that §5 permits (indeed requires) a judge to name an arbitrator, even if the only thing

that survives a judge's encounter with the clause is the fact that the parties have agreed to arbitrate. That's what happened in *Green* itself, and in the cases on which *Green* relied.

One final argument requires only brief comment. Keagle contends that it does not affect enough interstate commerce to bring it within the scope of the Fair Labor Standards Act. Maybe, maybe not. That will be for the arbitrator (and if necessary a federal judge) to determine. Either way, the amount of commerce concerns the coverage of the statute; Keagle is wrong to think that it is an element of subject-matter jurisdiction. Campbell's claim arises under federal law, so 28 U.S.C. §1331 supplies jurisdiction. If she fails to prove all elements of her claim, including the commerce element, then she loses on the merits, not for want of jurisdiction. See, e.g., *Bell v. Hood*, 327 U.S. 678 (1946); *United States v. Martin*, 147 F.3d 529, 531–33 (7th Cir. 1998).

The district court's decision is vacated, and the case is remanded with instructions to name an arbitrator, refer the dispute to arbitration, and stay further judicial proceedings.